[See Case No. 15,347.]

---

## Case No. 15,347.

### UNITED STATES v. HENDRIC.

[2 Sawy. 479.] [1]

District Court, D. Oregon. Dec. 20, 1873.

#### INDICTMENT—ILLEGAL VOTING.

An allegation that a party claimed a right to vote at an election, is not equivalent to an allegation that such party is a qualified voter.

[This was an indictment against Robert Hendric.]

Addison C. Gibbs, for the United States.
Richard Williams, for defendant.

DEADY, District Judge. The indictment in this case contains two counts. The first one charges that at an election held on October 13, 1873, at South Portland precinct, in the county of Multnomah and state of Oregon, for representative in the congress of the United States, the defendant did there and then, knowingly, etc., offer to give one Robert Bruce (he the said Robert Bruce claiming a right to vote at said election), the sum of $2.50 as a gift, bribe and reward to him, the said Bruce, to vote at said election for representative, etc., to prevent said Bruce from exercising the right of suffrage, contrary to the statute, etc. The second count is similar to the first, except that it alleges that the defendant gave said Bruce the sum of $2.50 for the purpose and with the effect aforesaid.

The defendant demurs to the indictment, because it does not appear therefrom that said Bruce was a qualified voter of the state of Oregon. The indictment is found under section nineteen of the act of May 31, 1870 (16 Stat. 144), which defines quite a number of crimes in relation to elections.

The crime intended to be charged in the indictment is defined in these words: "That if at any election for representative * * * in the congress of the United States, any person shall * * * by * * * bribery, reward, or offer or promise thereof * * *

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

prevent any qualified voter of any state of the United States * * * from freely exercising the right of suffrage. * * * such person shall be deemed guilty of a crime."

Assuming that this provision was intended to prohibit the giving or offering any bribe or reward to induce or procure a voter to vote one way or the other, or at all, or not to vote, as I think it was because such reward or offer thereof, if accepted and acted upon by the voter, necessarily prevents him from exercising his right of suffrage freely, still this indictment is insufficient, because it does not charge in either count that said Bruce was a qualified voter—a person qualified to vote at the election in question—but only that he claimed a right to vote thereat.

It does not follow, because Bruce claimed a right to vote, that he was entitled to it. The one expression is not the equivalent of the other. The act provides in a separate clause for the offense of voting by a person not entitled to vote, or for aiding, procuring, counseling or advising any such person to vote, which includes hiring him to do so. But it cannot be said that any one is prevented by any act from exercising his right of suffrage freely, unless he has such right at the time; and that fact must be averred, by stating in the language of the act or other equivalent terms that such person was then and there a qualified voter.

The demurrer must be sustained.